UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RODNEY HAMBLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: No. 3:17-CV-126-TAV-CCS |
| | ) | |
| LOUDON COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The Court is in receipt of a complaint under 42 U.S.C. § 1983 [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 2; *see* Doc. 4], and a motion to appoint counsel [Doc. 5], all filed by pro se prisoner Rodney Hamblin. For the reasons discussed herein, the Court will **GRANT** the motion for leave to proceed *in forma pauperis* [Doc. 2], **DISMISS** Plaintiff's Complaint for failure to state a claim upon which relief may be granted under § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A), and **DENY AS MOOT** Plaintiff's motion to appoint counsel [Doc. 5].

**I.      MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**.

Because Plaintiff is an inmate at the Knox County Detention Facility, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is

directed to submit to the Clerk, U.S. District Court, 800 Market Street, Knoxville, Tennessee, 37902, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00), as authorized under 28 U.S.C. § 1914(a), has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Knox County Detention Facility, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

## II.    COMPLAINT

In his Complaint, Plaintiff names as Defendants the Loudon County Jail ("LCJ"), the Monroe County Jail ("MCJ"), and four corrections officers employed at these facilities: Brannum, Rogers, Laney, and Bengal [Doc. 1]. Plaintiff primarily contends that he has been verbally harassed and/or threatened by the individual defendants, specifically alleging that the

officers call him names and tell him they are going to make his life "living hell" [Doc. 1 pp. 3–4]. He further alleges that the officers have shared the details of his charges with other inmates so as to incite the other inmates to fight him and, as a result, from December 2016 through February 2017, he was "jumped," "extorted," "starved," and generally treated with cruelty by his fellow inmates at MCJ [*Id*. at 4]. He also alleges that on February 17, 2017, Laney "shoved his elbow in [Plaintiff's] back and said today was my day to get dumped on my head so don't f[***] with him" [*Id*.]. Finally, he alleges that, from December 2016 through March 2017, he was "suicidal"; he states that he "never received mental or medical treatment for any of the times and it was needed, it is still a[n] issue that is going on" [*Id*.].[1]

### A. Legal Standard

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal Rule of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). When reviewing a complaint for failure to state a claim under Rule 12(b)(6), the Court must accept as true all of the factual allegations in the complaint. *Iqbal*, 556 U.S. at 678. Although detailed factual allegations are not required, a plaintiff must, at a minimum, "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"—that is, make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555, 556 n.3; *see also Iqbal*, 556 U.S. at 679.

---

[1] Plaintiff indicated that, despite the fact that the facilities in question have grievance procedures, he did not present these issues through any such procedure, stating "The Lt. doesn't like me and wouldn't bring one I asked multiple times" [Doc. 1 p. 2].

3

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is thus not a challenge to the plaintiff's factual allegations, but rather a "test of the plaintiff's cause of action as stated in the complaint." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id*. at 679; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (holding that, in order to survive a motion to dismiss under 12(b)(6), a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.").

**B.     Analysis**

In order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Haywood v. Drown*, 556 U.S. 729, 731 (2009); *Dominguez v. Corr. Med. Svcs.*, 555 F.3d 543, 549 (6th Cir. 2009); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere"). The Court notes that Plaintiff has not specified any constitutional bases for his § 1983 claims. Liberally construing Plaintiff's allegations and prayer for relief, the Court discerns that Plaintiff seeks to raise claims arising

4

under the Eighth Amendment for verbal harassment and threats, excessive force, failure to protect, and deliberate indifference to medical needs. However, even affording Plaintiff's Complaint a liberal construction, the Court finds that Plaintiff has failed to state any plausible claims for relief pursuant to § 1983 and the Eighth Amendment.

### 1. Individual Defendants

Plaintiff has named four individual corrections officers—Brannum, Rogers, Laney, and Bengal—as Defendants to this action [Doc. 1]. He contends that these officers have repeatedly verbally harassed and/or threatened him and that they have shared the details of his charges with other inmates so as to encourage other inmates to treat Plaintiff with violence and cruelty [*Id*. at 4]. He also alleges that on February 17, 2017, Laney "shoved his elbow in [Plaintiff's] back" while making a threat of further physical violence [*Id*.].[2]

#### a. Verbal Harassment

First, it is well settled that verbal abuse or harassment at the hands of prison officials (or other prisoners) does not constitute a violation of the Eight Amendment. *See, e.g.*, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that even harassment that constitutes "shameful and utterly unprofessional behavior" is insufficient to constitute cruel and unusual punishment); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (holding that an officer's "reprehensible" action of offering of sexual favors to the plaintiff-inmate did "not rise to the level of a constitutional violation"); *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir.

---

[2] The Court notes that Plaintiff has also alleged that he was not provided treatment for medical and/or mental health problems; however, he does not specifically allege that any of the individual defendants were involved with his lack of medical or mental health treatment. Accordingly, to the extent that Plaintiff intended to raise these claims against the individual Defendants, such claims are **DISMISSED** for failure to state a claim.

5

1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment."). Thus, Plaintiff's claims of verbal threats and harassment at the hands of the individual defendants fails to state a claim for relief.

### b. Failure to Protect

Next, the Court discerns that Plaintiff has alleged a claim for failure to protect based on the defendants allegedly encouraging or inciting other inmates to mistreat Plaintiff. Pursuant to the Eighth Amendment, prison officials have a duty to take reasonable measures to ensure the safety of the inmates under their care, including protecting prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). Nonetheless, not every injury suffered by a prisoner at the hands of another will rise to the level of an Eighth Amendment violation. *Id.* at 834. In order to establish a constitutional violation for failure to protect, a prison inmate must show that: (1) "the failure to protect from risk of harm is objectively sufficiently serious"; and (2) that "prison officials acted with deliberate indifference to inmate health or safety." *See Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011). Stated another way, the inmate must show that he was incarcerated under conditions posing a substantial or excessive risk to inmate health or safety, that the officer was aware of the facts from which an inference could be drawn that a substantial risk of serious harm exists, that the officer did in fact draw such an inference, and that the officer nonetheless disregarded the risk. *Id.* at 766–67; *see also Farmer*, 511 U.S. at 834–48 (holding that an official demonstrates deliberate indifference under the Eighth Amendment if he disregards an excessive risk to inmate safety "by failing to take reasonable measures to abate it," but that an

6

officer cannot be held liable if he was unaware of the risk of harm even if the risk was obvious and a reasonable official would have noticed it).

In this case, the Court finds that Plaintiff's allegations are too vague and conclusory to state a claim for failure to protect. Plaintiff states that, from December 2016 through February 2017, he was "jumped," "extorted," and "starved" by other inmates who "said officers told them my charges" [Doc. 1 p. 4]. He speculates that the officers shared information about him with other inmates for the purpose of "trying to get [the other inmates] to fight me constantly" [*Id.*]. However, Plaintiff fails to provide any factual allegations that would allow the Court to infer either that the officers knew that Plaintiff would need protection at the jail based on the nature of his charges and disregarded the risk to his safety by sharing that information with other inmates, or that the officers knew that Plaintiff was at risk once his charges were disclosed and failed to protect him from harm. To infer otherwise, the Court would be forced to speculate wildly, drawing inference upon inference from Plaintiff's sparse allegations. Accordingly, the Court finds that Plaintiff has not alleged "more than a mere possibility" of misconduct and has failed to state a facially plausible claim for failure to protect.

    **c.**    **Excessive Force**

Plaintiff's Complaint also states: "On 2-17-17 Officer Laney had shoved his elbow in my back and said today was my day to get dumped on my head so don't f[***] with him" [Doc. 1 p. 4]. The Eighth Amendment's prohibition on "cruel and unusual punishment" includes a prohibition against the excessive use of force against the incarcerated. *See, e.g.*, *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In determining whether prison officials violated the Eighth Amendment by "inflict[ing] unnecessary and wanton pain in using force upon a

prisoner," the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6–7 (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)); *see also Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Wilkins v. Gaddy*, 559 U.S. 34, 36–40 (2010) (holding that *Hudson*'s "core judicial inquiry" should focus on the nature of the force, rather than on the extent of the injury).

The Court concludes that Plaintiff's factual allegations are insufficient for the Court to infer more than a mere possibility of misconduct. Plaintiff has provided no details regarding the encounter other than the fact and nature of the force alleged—that is, Laney shoving his elbow in Plaintiff's back on a specific date. Without any additional allegations regarding the location, situation, and circumstances of this encounter, and in light of the relatively minimal force alleged, the Court finds that Plaintiff has failed to set forth allegations sufficient to raise a right to relief for excessive force above a speculative level, and as such, has failed to state a claim for relief.

### 2. Institutional Defendants

Plaintiff has also named Monroe County Jail and Loudon County Jail as defendants in this action. County jails, however, are merely buildings which serve as places of confinement for those in custody, and, as such, they are not suable entities under § 1983. *See Marbry v. Corr. Med. Serv.*, 238 F.3d 422, *2 (6th Cir. 2000) (table) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983"); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 689–90 n.53 (1978)

(finding that only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983"). Because MCJ and LCJ are not entities subject to suit, Plaintiff's claims against them must be **DISMISSED**.[3]

III. **CONCLUSION**

For the reasons stated herein,

- Plaintiff's Motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**;

- This action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A);

---

[3] Because the Jails are not entities subject to suit, the Counties themselves would be the proper parties to address the allegations in Plaintiff's Complaint. *See, e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). However, in order to succeed on a § 1983 claim against a municipal entity, such as a County, a plaintiff must establish that: (1) his harm was caused by a constitutional violation; and (2) the municipality itself was responsible for that violation, generally because of a policy, custom, pattern or practice of the municipal defendant that caused the Plaintiff's constitutional injury. *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *see also Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."). As discussed above, Plaintiff's Complaint has not stated any plausible claim for harm against the individual defendants that rises to the level of a constitutional violation. To the extent that Plaintiff intended to raise a claim for medical deliberate indifference against the municipality or any unnamed employees, he has similarly failed to plead a facially plausible claim for such a constitutional violation. Plaintiff fails to allege that he requested treatment for any medical or mental health issue, or otherwise made his need for treatment known to prison officials, and as such he has pled no facts that would allow the Court to infer that any prison official was deliberately indifferent to any serious medical need or interfered with prescribed treatment. *See Farmer v. Brennan*, 511 U.S. 825, 834–36, 842 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). However, even if the Court were to draw such sweeping inferences from Plaintiff's allegations, the Complaint does not contain any allegations regarding any policies, customs, patterns, or practices of the Counties themselves that caused Plaintiff to be denied treatment that he allegedly needed. Thus, Plaintiff's Complaint fails to plead facts sufficient to create a claim for municipal liability; accordingly, the Court finds it unnecessary to grant Plaintiff leave to amend his Complaint in order to name the proper defendant, as such amendment would be futile.

- Plaintiff's Motion to Appoint Counsel [Doc. 5] will be **DENIED AS MOOT**;

- The Court hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Petitioner file a notice of appeal, he will be **DENIED** leave to appeal in forma pauperis. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE